IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

In Re:  In Proceedings Under Chapter 7

SUSAN D. CONLEY
THOMAS M. CONLEY,  Case No.: 06-12487

Debtors.  CHIEF JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

Before the Court is DiamlerChrysler Fin. Servs. Amers. LLC ("Creditor") Motion for Entry of Order Confirming Termination of Automatic Stay Pursuant to 11 U.S.C. § 362(j). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. After considering Creditor's Motion and conducting a hearing, the Court rules as follows:

\*

Creditor asks this Court for a comfort order confirming that the automatic stay has terminated as to the Debtors' automobile. Specifically, Creditor alleges that because Debtors have failed to timely perform their stated intention with respects to a 2001 Dodge Neon as required by 11 U.S.C. § 521(a)(2), the automatic stay has terminated by virtue of 11 U.S.C. § 362(c) in association with 11 U.S.C. § 362(h). The statutory basis for Creditor's comfort order is 11 U.S.C. § 362(j).

\*\*

Among the amendments included in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") is the addition of 11 U.S.C. § 362(h). That provision states

that:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> > (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . .
> >
> > (B) to timely take the action specified in such statement, as it may be amended before expiration of the period for taking such action, unless such statement specified the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

Creditor claims that Debtors failed to comply with the requirements of 11 U.S.C. § 362(h) because they have failed to perform their stated intention with respect to their vehicle. Creditor therefore seeks an order from this Court confirming that the stay has terminated with respect to Debtors' vehicle. Creditor's reliance, however, on 11 U.S.C. § 362(j) for that relief is misplaced. Section 362(j) states that "on request of a party in interest, the court shall issue an order under **subsection (c)** confirming that the automatic stay has terminated." (emphasis added). Section 362(c) in turn states that "[e]xcept as provided in subsections (d), (e), (f) and (h) of this section--." By its own terms, § 362(c) specifically exempts 11 U.S.C. § 362(h). Accordingly, a comfort order pursuant to 11 U.S.C. § 362(j) is not available when the stay terminates pursuant to 11 U.S.C. § 362(h). Because § 362(h) is the very basis for Creditor's argument that the stay has terminated, a comfort order pursuant to 11 U.S.C. § 362(j) is not available. *See In re*

*Dienberg*, 348 B.R. 482, 487 (Bankr.N.D.Ind. 2006)(holding that "the comfort orders authorized by § 362(j) are limited to situations where the automatic stay has terminated by reason of the operation of provisions of § 362(c) and are not authorized where the stay is alleged to have terminated by operation of § 362(h)") and *In re Ermi*, 2006 WL 2457144 (Banrk.N.D. Ohio 2006)(accord).

***

The Court finds that DiamlerChrysler Fin. Servs. Amers. LLC ("Creditor") Motion for Entry of Order Confirming Termination of Automatic Stay Pursuant to 11 U.S.C. § 362(j) is not well-premised. Accordingly, the Motion is denied.

**IT IS SO ORDERED.**

Dated, this 22nd day of November 2006

JUDGE RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

3